**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHUNG DINH PHAN; HUY THE PHAN; HUY TUONG PHAN; HUY TRUNG PHAN, | No. 09-72941 |
| Petitioners, | Agency Nos. A097-111-803<br>A098-176-333<br>A098-176-334<br>A098-176-335 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2011
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Phung Dinh Phan, a Cambodian native and Vietnamese citizen, petitions for

review of the Board of Immigration Appeals' decision finding him removable

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under 8 U.S.C. § 1227(a)(1)(A) and 8 U.S.C. § 1182(a)(6)(C)(i).[1]  We deny the petition for review.

Under § 1182(a)(6)(C)(i), an alien who "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible."  Contrary to Phan's contentions, both the immigration judge and the BIA clearly explained that the "material fact" that Phan had misrepresented was that he was engaged to enter into a bona fide marriage with a United States citizen.

Substantial evidence supports the BIA's finding that Phan's marriage to Cam Huynh was not bona fide.  Phan was married to Huynh's sister until shortly before he married Huynh.  Although Phan testified that he did not know his ex-wife's whereabouts after their divorce, documentary evidence suggested they continued to live in the same neighborhood as late as 2004, and Phan submitted a document that his ex-wife signed in 2004.  Moreover, evidence from a site visit indicated that Phan and Huynh did not share a bedroom, despite their testimony to the contrary at Phan's hearing.  Taking those facts together, we hold that the record

----

[1]  Given our disposition of the case, we need not decide whether Phan was also removable under 8 U.S.C. § 1227(a)(1)(B) & (G).

does not compel reversal of the BIA's conclusion that Phan and Huynh did not "intend to establish a life together at the time they were married." *Bark v. INS*, 511 F.2d 1200, 1201 (9th Cir. 1975).

We need not decide whether the IJ erred in admitting District Adjudications Officer Williams' statements. Several other discrepancies between Phan and Huynh's testimony and the record evidence supported the adverse credibility determination, so any error did not prejudice Phan. *See Cinapian v. Holder*, 567 F.3d 1067, 1075-76 (9th Cir. 2009); *Saidane v. I.N.S.*, 129 F.3d 1063, 1065 (9th Cir. 1997).

Finally, we agree with the BIA that the IJ did not place the burden of proof on Phan; rather, the IJ properly noted that Phan had not produced any evidence to rebut the government's clear and convincing showing that the marriage was not bona fide.

**PETITION DENIED.**